EG:AK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 M 749**

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

THAMI DRISSI,

        Defendant.

- - - - - - - - - - - - - - - X

C O M P L A I N T

(T. 49, U.S.C., § 46506(1))

EASTERN DISTRICT OF NEW YORK, SS:

        LYNN LAUZIER, being duly sworn, deposes and states that she is a Federal Air Marshal with the United States Department the Department of Homeland Security and Task Force Officer with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

        Upon information and belief, on or about August 22, 2014, the defendant THAMI DRISSI, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did commit an act, to wit: sexual contact; that, if committed in the special maritime and territorial jurisdiction of the United States, would violate Chapter 109A of Title 18 of the United States Code, to wit, Section 2244(b) of Title 18 of the United States Code.

        (Title 49, United States Code, Section 46506(1))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I have been employed as a Federal Air Marshal by the United States Department of Homeland Security since September 2009, and have been a Task Force Officer with the Federal Bureau of Investigation since November 2012. As such, I investigate violations of federal law that occur within the airport environment and aboard aircrafts.

2. On August 22, 2014, I was notified that a female passenger (hereinafter, the "passenger"), who had been aboard Royal Air Maroc flight no. 202 from Casablanca, Morocco to John F. Kennedy International Airport ("JFK") in Queens, New York, has reported that the defendant THAMI DRISSI had engaged in unwanted and non-consensual sexual contact with her during the course of the flight.

3. On August 22, 2014, the passenger advised the following, in substance and in part:

   a. She first met a man, later identified as the defendant THAMI DRISSI and hereinafter identified as the defendant THAMI DRISI, in Casablanca while awaiting her flight to JFK. She and the defendant engaged in conversation.

   b. Upon boarding the aircraft, the passenger took her assigned seat, 25A, a window seat in a row of two adjacent seats. The defendant THAMI DRISSI was seated in 25B, next to the passenger. Several hours into the flight, the passenger fell asleep.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

  c. The passenger was awoken when she felt the defendant THAMI DRISSI placing his hands under her blouse on her breast and attempting to place his hands inside the front of her pants. The passenger also observed two empty small bottles of wine and two empty cups on the tray table in front of the defendant. The passenger then notified the flight crew.

4. On August 22, 2014, I spoke with two flight attendants, whose initials are "T.A." and "H.E.M." (collectively, the "flight attendants"), on Royal Air Maroc flight no. 202 from Casablanca to JFK. The flight attendants stated, in sum and substance and in part, that during the flight, the passenger approached them and was visibly upset and crying. The flight attendants stated that the passenger told her, in sum and substance and in part, that she had been sleeping and had awoken shortly before the male passenger sitting next to her began groping her. The passenger also reported that the male passenger sitting next to her had tried to place his hands under her blouse and down her pants. The flight attendants moved the passenger to another seat for the duration of the flight.

5. Upon arrival at JFK, the defendant THAMI DRISSI was arrested and provided <u>Miranda</u> warnings in French, which warnings the defendant indicated he understood and agreed to waive. After waiving his <u>Miranda</u> warnings, the defendant denied any sexual contact with the passenger and stated, in sum and substance and in part, that the only time he touched the defendant was when her head nodded off on his shoulder and he removed it.

6. It is my understanding that the plane on which defendant THAMI DRISSI was flying is a "civil aircraft of the United States," pursuant to 49 U.S.C. § 46501(2)(a). It is further your deponent's understanding that the plane in question was "in flight," as defined in 49 U.S.C. § 46501(1), during the events described herein.

WHEREFORE, your deponent respectfully requests that the defendant THAMI DRISSI be dealt with according to law.

LYNN LAUZIER
Federal Air Marshal

Sworn to me before this
22nd day of August, 2014

THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK